# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Norfolk Division

| | |
|---|---|
| JOHNNY E. MILLER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No.: 2:12-cv-425 |
| ) | |
| HAROLD W. CLARKE, Director, Virginia ) | |
| Department of Corrections, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

Before the Court is the *pro se* Petitioner's, Johnny E. Miller ("Miller"), Petition for a Writ of *Habeas Corpus* filed pursuant to 28 U.S.C. § 2254, ECF Nos. 1, 4,[1] and the Respondent's Motion to Dismiss, ECF No. 6. After being fully briefed, the Motion was referred for disposition to the undersigned U.S. Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), Local Civil Rule 72, and the April 2, 2002, Standing Order on Assignment of Certain Matters to United States Magistrate Judges. For the following reasons, the undersigned **RECOMMENDS** the Respondent's Motion to Dismiss be **GRANTED** and Miller's Petition be **DENIED** and **DISMISSED WITH PREJUDICE**.

---

[1] In his initial filing on August 1, 2012, Miller failed to comply with Local Civil Rule 83.4(A), which requires petitioners to file *habeas* petitions on standardized forms. Miller also failed to pay the $5.00 filing fee or to submit a motion for leave to proceed *in forma pauperis*. The Court conditionally filed Miller's Petition and, on August 6, 2012, directed him to comply with the preceding requirements. Miller paid the filing fee and submitted the proper standardized forms on September 18, 2012. Because he timely complied with the Court's Order, Miller's Petition is deemed to have been filed on August 1, 2012.

# I. FACTUAL AND PROCEDURAL BACKGROUND

On February 25, 2009, a Virginia state trial court convicted Miller of robbery, and on June 8, 2009, he received an active prison sentence of seven years. Miller timely appealed his conviction to the Virginia Court of Appeals, arguing insufficiency of the evidence to convict him of robbery as a principal in the second degree. On January 26, 2010, the Court of Appeals denied his appeal, and on June 30, 2010, the Virginia Supreme Court denied his petition for appeal. Miller filed his first state *habeas* petition in the Virginia Supreme Court on June 30, 2011, arguing that defense counsel was ineffective for failing to object to the amendment of the indictment, which allegedly prevented him from preparing a defense. The original indictment charged Miller with robbing Robert Ward ("Ward"), the victim and primary testifying witness, of "U.S. Currency and [a] wallet." ECF No. 8, attach. 7 at 8-9. Prior to trial and without objection by defense counsel, the indictment was amended to include "or other property," referring to an ATM card that Miller took from Ward's wallet. *Id.* On January 11, 2012, the Supreme Court dismissed Miller's *habeas* petition on the merits. He then filed his second state *habeas* petition in the Virginia Supreme Court on April 16, 2012, arguing due process violations arising from the prosecution's alleged suppression or withholding of impeachment evidence, specifically Ward's criminal history. Miller argued that he learned of Ward's criminal history from a letter his sister sent him that he received in prison after his first *habeas* petition was dismissed. On June 14, 2012, the Supreme Court dismissed Miller's second *habeas* petition as successive and untimely, and it denied his petition for rehearing on September 21, 2012.

Miller filed the instant § 2254 Petition, his first, on August 1, 2012, alleging: (1) defense counsel was ineffective for failing to object to the amendment of the indictment; (2) due process violations arising from the prosecution's suppression or withholding of Ward's criminal history;

2

and (3) insufficiency of the evidence to support his conviction. The Virginia Attorney General, on behalf of the Respondent, filed a Rule 5 Answer, Motion to Dismiss, brief in support, and *Roseboro* Notice on October 17, 2012. ECF Nos. 6-8, 10. Miller filed a response and brief in opposition to the Motion to Dismiss on November 8, 2012. ECF No. 15. The Respondent has not filed a reply brief, and the time to do so has lapsed. Therefore, the Motion is ripe for disposition.

## II. ANALYSIS

### A. Exhaustion

Section 2254 allows a prisoner held in state custody to challenge his detention on the ground that his custody violates the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A state prisoner, however, must exhaust his available state remedies or demonstrate the absence or ineffectiveness of such remedies before petitioning for federal *habeas* relief in order to give "state courts the first opportunity to consider alleged constitutional errors occurring in a state prisoner's trial and sentencing." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). The exhaustion requirement is satisfied if the prisoner seeks review of his claim in the highest state court with jurisdiction to consider it. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (requiring "that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"). For example, a claim meets the exhaustion requirement if the prisoner directly appeals his conviction or if he files a *habeas* petition with the highest state court. *See Muhammad-Abdullah v. Unnamed Custodian*, No. 7:08cv00316, 2008 WL 2047816, at *1 (W.D. Va. May 13, 2008) (discussing various procedures meeting the exhaustion requirement).

3

Miller alleges three claims in his Petition, and all three were exhausted in state court, albeit in different forums and at different times. He exhausted his first claim, ineffective assistance of counsel, in his first state *habeas* petition. Likewise, he exhausted his second claim, denial of due process, in his second state *habeas* petition. Finally, his third claim, insufficiency of evidence, was exhausted because it was presented on direct appeal of his conviction. Because the legal questions presented in the instant Petition are the same ones that were put before the Virginia Supreme Court, exhaustion has been met and federal *habeas* review is appropriate here. Notwithstanding exhaustion, however, the Respondent asserts that Miller's Petition is time-barred, and therefore, it should be denied and dismissed on this basis.

## B. Statute of Limitations

Section 2254 petitions are subject to a one-year statute of limitations and must be dismissed if they are filed later than one year after the conclusion of direct review of the conviction or the expiration of the time to seek direct review, or the factual predicate of the claim being asserted in the petition could have been discovered with due diligence, whichever is the latest.[2] 28 U.S.C. § 2244(d)(1)(A), (D). For the following reasons, the undersigned concurs with the Respondent's argument that Miller's Petition is time-barred.

Miller's robbery conviction became final and, pursuant to 28 U.S.C. § 2244(d)(1)(A), the one-year statute of limitations began to run on September 28, 2010, after the ninety days in which to file a petition for writ of *certiorari* to the U.S. Supreme Court from the Virginia Supreme Court expired. *See* SUP. CT. R. 13(1) (allowing ninety days to petition the U.S. Supreme Court). Miller, however, requests the Court use a later date to calculate the applicable limitation period, specifically the date he was informed of Ward's criminal history. Pursuant to

---

[2] 28 U.S.C. § 2244(d)(1)(B) and (C), which address other means by which to calculate the one-year statute of limitations, are not applicable here and will not be discussed.

4

28 U.S.C. § 2244(d)(1)(A), the limitation period expires one year after the factual predicate of the claim being asserted in the petition could have been discovered with due diligence. Relief under this provision is only available, though, if "the petitioner knows, or through due diligence could have discovered, the factual predicate for a potential claim, not when he recognizes their [sic] legal significance." *McKinney v. Ray*, No. 3:07cv266, 2008 WL 652111, at *2 (E.D. Va. Mar. 11, 2008).

Although Miller maintains he was not informed of Ward's criminal history until he received a letter from his sister on March 20, 2012, which contained this information, he must demonstrate that that he was unable to discover this information on an earlier date with due diligence. This he fails to do for two reasons. First, Miller personally knew of Ward's criminal history at trial when he testified on February 25, 2009, that Ward had been "locked up." ECF No. 8, attach. 7 at 67. Second, Ward's criminal history is available to the public, and there is no evidence to suggest that it could not otherwise be made available to Miller. VA. CODE ANN. § 19.2-389(43) (providing an avenue for the public to obtain criminal records); *see United States v. Cook*, 170 F. App'x 639, 640 (11th Cir. 2006) (unpublished *per curiam* opinion) (finding that the defendant did not exercise due diligence in discovering a fact when that fact was publicly available). Additionally, the fact that Miller's sister was able to access and obtain this information belies any suggestion that Miller could not do so himself. Absent evidence to the contrary, the undersigned calculates the applicable limitation period pursuant to 28 U.S.C. § 2244(d)(1)(A), not § 2244(d)(1)(D).

### 1. *Statutory Tolling*

Generally, the limitation period for filing a § 2254 petition is tolled during the time in "which a *properly* filed application for State post-conviction or other collateral review with

respect to the pertinent judgment or claim" is pending. 28 U.S.C. § 2244(d)(2) (emphasis added). To be properly filed, the petition must comply with the state's procedural rules imposed on post-conviction petitions, *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005) (denying statutory tolling to an improperly filed petition because the state court rejected the petition as untimely), and violation of those rules, including "time limits, place for filing and filing second or successive petitions," will render that petition improperly filed and ineligible for statutory tolling, *Rodgers v. Angelone*, 113 F. Supp. 2d 922, 929 (E.D. Va. 2000). Although Miller's first state *habeas* petition was properly filed and, thus, tolled the limitation period while pending, his second one was not. Specifically, the Virginia Supreme Court dismissed his second *habeas* petition as successive and untimely in violation of the state's procedural rules imposed on post-conviction petitions. ECF No. 8, attach. 6. ("[T]the Court is of the opinion that the writ of *habeas corpus* should not issue on the grounds that no writ shall be granted on the basis of any allegation the facts of which the petitioner had knowledge at the time of filing any previous petition. In addition, the Court finds that the petition was not timely filed.") (citations omitted). The undersigned therefore rejects the assertion that the one-year limitation period was tolled during the pendency of Miller's second state *habeas* petition.

### 2. *Equitable Tolling*

Although equitable tolling may also apply to a § 2254 petition, *Rouse v. Lee*, 339 F.3d 238, 246-47 (4th Cir. 2003), Miller is ineligible for it here. To qualify for equitable tolling, a petitioner must overcome a high hurdle because only in "rare instances where–due to circumstances external to the party's own conduct–it would be unconscionable to enforce the limitation period against the party and gross injustice would result" will a court equitably toll the limitation period. *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). Thus, a petitioner

"is only entitled to tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse*, 339 F.3d at 246. Most recently, the U.S. Supreme Court held that "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he had been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418.

Miller argues that the extraordinary circumstance that prevented his compliance with the limitation period was the fact that there were "no other ways to obtain the proper information [, *i.e.*, Ward's criminal history,] to file a complete and correct *habeas* petition." ECF No. 14 at 5. He alleges that it was only after his "sister inadvertently came across Robert Ward several times and personally herself obtain[ed] Ward's criminal convictions" that he first learned of Ward's criminal history. *Id.* at 5-6. Miller's alleged ignorance of Ward's criminal history is unpersuasive because he testified at trial that Ward had been "locked up." ECF No. 8, attach. 7 at 67. This statement betrays the fact that he knew, in some manner, that Ward had a criminal history.

Furthermore, Miller's failure to discover Ward's criminal history was not beyond or external to his control or conduct but, rather, was a fault of his own failure to exercise due diligence. He had personal knowledge of Ward's criminal history at his trial, ECF No. 8, attach. 7 at 67, but apparently took no steps to make any kind of inquiry in that regard. Miller also does not provide the Court with a copy of the letter from his sister that allegedly disclosed Ward's criminal history. Rather, he only provides an Affidavit from his sister in which she affirms that she "was able to come across Ward's conviction record," ECF No. 15, attach. 2, but she does not state how she came by this information. Because Miller fails to demonstrate an extraordinary circumstance beyond or external to his control or conduct, Miller is ineligible for equitable

7

tolling.

In conclusion, the undersigned finds that Miller's robbery conviction became final and the one-year statute of limitations began to run on September 28, 2010, after the ninety days in which to file a petition for writ of *certiorari* to the U.S. Supreme Court from the Virginia Supreme Court expired. The limitation period continued to run for 275 days until it was tolled during the pendency of Miller's first state *habeas* petition from June 30, 2011,[3] when the petition was filed in the Virginia Supreme Court, to January 11, 2012, when it was dismissed. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). The limitation period resumed thereafter for an additional 203 days, for a total of 478 days, until Miller filed his Petition on August 1, 2012. This is well past the one-year statute of limitations. Because Miller is not entitled to statutory tolling for the pendency of his second state *habeas* petition, nor is he entitled to equitable tolling, the instant Petition is time-barred. Additionally, although *all* of Miller's claims are time-barred, his second claim, concerning due process violations, is also procedurally defaulted.

### C. Procedural Default

The doctrine of procedural default provides that "[i]f a state court clearly and expressly bases its dismissal of a *habeas* petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the *habeas* petitioner has procedurally defaulted his federal *habeas* claim." *Breard*, 134 F.3d at 619 (citing *Coleman v.*

---

[3] The undersigned uses June 30, 2011, as the filing date because that is the date used by the Virginia Supreme Court. Although the Respondent claims June 28, 2011, as the filing date, and even though it appears Miller executed his petition on June 22, 2011, these discrepancies are of no consequence here because Miller's Petition was filed approximately four months after the limitation period expired.

8

*Thompson*, 501 U.S. 722, 731-32 (1991)). A state procedural rule provides adequate and independent grounds for dismissal "if it is regularly or consistently applied by the state court" and "does not rely on a rule of federal constitutional law." *Mu'Min v. Pruett*, 125 F.3d 192, 196 (4th Cir. 1994) (citing *Johnson v. Mississippi*, 468 U.S. 578, 587 (1988); *Ake v. Oklahoma*, 470 U.S. 68, 75 (1985)). "A petitioner may only overcome procedural default and obtain federal review on the merits if he is able to demonstrate cause and prejudice for the default or demonstrate that failure to review the claims will result in a fundamental miscarriage of justice." *Edwards v. Johnson*, No. 2:10cv339, 2010 WL 5825427, at *3 (E.D. Va. Dec. 15, 2010) (citing *Coleman*, 501 U.S. at 750; *Savino v. Murray*, 82 F.3d 593, 602 (4th Cir. 1996)).

The Virginia Supreme Court dismissed Miller's second *habeas* petition as time-barred and successive, which are both adequate and independent grounds for dismissal. *See Clagett v. Angelone*, 209 F.3d 370, 379 (4th Cir. 2000) (recognizing Virginia Code § 8.01-654(B)(2) barring successive *habeas* petitions as adequate and independent); *Banks v. Clarke*, No. 1:12cv1398, 2013 WL 164087, at *2 (E.D. Va. Jan. 15, 2013) (recognizing Virginia Code § 8.01-654(A)(2) as adequate and independent). Miller argues, however, that procedural default is overcome because his "failure [to discover Ward's criminal history] resulted not from his own lack of attention or other fault, but rather because the state did not provide this [alleged] impeachment information" before or during trial. ECF No. 14 at 2. Furthermore, he argues that he was prejudiced because "the state's failure to provide [him] with Ward's criminal [history] prejudice[d] [him] by removing a valuable method by which he could have impeached the state['s] primary witness." *Id.*

"In order to show 'cause' for the default, [a petitioner] must establish 'that some objective factor external to the defense impeded [his] efforts to raise the claim in state court at

the appropriate time.'" *Breard*, 134 F.3d at 619 (citing *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). "The following objective factors may constitute cause: '(1) interference by officials that makes compliance with the State's procedural rule impracticable; (2) a showing that the factual or legal basis for a claim was not reasonably available to counsel; (3) novelty of the claim; and (4) constitutionally ineffective assistance of counsel.'" *Ensley v. Johnson*, No. 3:10cv543, 2011 WL 6695004, at *5 (E.D. Va. Dec. 21, 2011) (quoting *Wright v. Angelone*, 151 F.3d 151, 160 n.5 (4th Cir. 1998)). The inquiry focuses, then, on "whether petitioner possessed, or by reasonable means could have obtained, a sufficient basis to allege a claim in the first petition and pursue the matter through the habeas process." *McClesk v. Zant*, 499 U.S. 467, 498 (1991). However, "[m]ere failure to discover the factual basis of the claim does not establish cause." *Silk v. Johnson*, No. 3:08cv271, 2009 WL 742552, at *3 (E.D. Va. Mar. 20, 2009) (citations omitted). Miller essentially argues that his Petition is not procedurally defaulted because he meets the second and fourth objective factors for cause.

First, Miller argues that Ward's criminal history, as a factual basis for his due process claim, was not available to him when he filed his first state *habeas* petition because the prosecution withheld from him this alleged impeachment evidence. However, he fails to demonstrate why he did not have reasonable access to this material at the time he filed his first state *habeas* petition. In fact, more than two years before Miller filed his first state *habeas* petition, he testified at his trial that Ward had been "locked up," which evinces knowledge of Ward's criminal history. ECF No. 8, attach. 7 at 67. His claim of ignorance is further weakened by the fact that although his sister allegedly provided him with Ward's criminal history after his first state *habeas* petition was filed, Miller does not explain why he could not have acquired this material at an earlier time. Miller's claim that he did not discover Ward's criminal history until

after filing his first state *habeas* petition does not "constitute cause because he failed to exercise due diligence to discover and plead" that evidence in his first state *habeas* petition. *United States v. Dilks*, No. 7:93cr9, 2010 WL 4284829, at *4 (W.D. Va. Oct. 27, 2010).

Second, Miller places blame on his defense counsel's alleged failure to discover and utilize Ward's criminal history as impeachment evidence at trial. He argues that this alleged failure "is one situation in which the 'cause' requirement [to procedural default] should be met." ECF No. 14 at 2. At the time he filed his first state *habeas* petition, however, Miller was proceeding *pro se*. Thus, his claim that Ward's criminal history was not available to his defense counsel at trial is irrelevant here because the correct focus for overcoming procedural default is on whether Miller, not his defense counsel, had reasonable access to the factual basis for his due process claim at the time his first state *habeas* petition was filed. Miller confuses the deficiencies of his first state *habeas* petition with his defense counsel's alleged deficiencies at trial. When Miller elected to proceed *pro se* in filing his first state *habeas* petition, the deficiencies of that petition became attributable to him alone. *See Faretta v. California*, 422 U.S. 806, 834 n.46 (1975) (noting that "a defendant who elects to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of 'effective assistance of counsel'"). Thus, Miller may not blame his defense counsel for his own failure to discover and assert all reasonably known or discoverable claims, including his due process claim, in his first state *habeas* petition.

Despite Miller's inability to show cause for his procedural default, he may still overcome the procedural bar if he is able to demonstrate that failure to review his *habeas* claims will result in a fundamental miscarriage of justice. "[I]n order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a movant must show

actual innocence by clear and convincing evidence." *United States v. Mikalajunas*, 186 F.3d 490, 493 (4th Cir. 1999) (citing *Murray*, 477 U.S. at 496). To the extent Miller asserts an actual innocence claim, *see* ECF No. 1, attach. 1 at 32 ("[Miller] did not do anything to aid or abet . . . . [because] [t]he reality of this case lies in the fact [that] [he] was convicted because of his drug dealing activities, not because he committed a robbery or aided in such."), he fails in this regard. Although he argues that he did not intend to rob Ward, he admitted to taking Ward's ATM card "as collateral for a drug purchase" but returned it after "tr[ying] [but failing] to make a withdrawal at the ATM." *Id.* at 31. Because the evidence demonstrates that Miller did in fact take Ward's ATM card and attempted to withdraw money from his bank account, the undersigned will not disturb the trial court's credibility determination that it disbelieved Miller's testimony that he did not intend to rob Ward. *See Wilson v. Ozmint*, 352 F.3d 847, 858 (4th Cir. 2003) ("Credibility determinations, such as those the state . . . court made regarding [a witness], are factual determinations. As such, they 'are presumed to be correct absent clear and convincing evidence to the contrary.'") (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003)). Thus, Miller's due process violation claim is procedurally defaulted because he does not demonstrate cause for failing to allege that claim in his first state *habeas* petition, nor does he meet the actual innocence exception to procedural default.

### III. RECOMMENDATION

For these reasons, the undersigned **RECOMMENDS** the Respondent's Motion to Dismiss, ECF No 6, be **GRANTED** and Miller's Petition be **DENIED** and **DISMISSED WITH PREJUDICE.**

### IV. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, the parties are notified that:

1. Any party may serve on the other party and file with the Clerk of the Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is mailed to the objecting party, computed pursuant to Federal Rule of Civil Procedure Rule 6(a) plus three days permitted by Federal Rule of Civil Procedure Rule 6(d). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

2. A U.S. District Judge will make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to the Petitioner and counsel of record for the Respondent, and is further **DIRECTED** to amend the Respondent's name in the caption of the case to read, "Harold W. Clarke, Director, Virginia Department of Corrections."

/s/ Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
June 17, 2013

# CLERK'S MAILING CERTIFICATE

A copy of this Report and Recommendation was mailed on this date to the following:

Johnny E. Miller, #1102422
Sussex II State Prison
24427 Musselwhite Drive
Waverly, Virginia 23891
*Pro Se* Petitioner

Aaron Jennings Campbell
Office of the Attorney General
900 East Main Street
Richmond, Virginia 23219
Counsel for the Respondent

                                              Fernando Galindo
                                              Clerk of the Court

By:
      Deputy Clerk
      June ___, 2013